UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES TEMPLET, ET AL. | * | CIVIL ACTION NO. 19-843 |
| | * | |
| VERSUS | * | JUDGE BRIAN A. JACKSON |
| | * | |
| GILBERT B. BRIDGES, ET AL. | * | MAGISTRATE RICHARD L. |
| | * | BOURGEOIS, JR. |

*************************************************************************

### AMENDED STATUS REPORT

**A. JURISDICTION**

28 USC § 1332.

**B. BRIEF EXPLANATION OF CASE**

1.  **Plaintiffs claim:** On or about April 12, 2019, Plaintiff, James Templet, was operating his 2014 GMC Savana truck on Highway 190 westbound. He had been traveling on Highway 190 westbound for approximately 20 miles before he passed Wye Road in Pointe Coupee Parish, LA. At approximately the same time, Defendant, Gilbert Bridges, was operating a 2015 GMC Sierra, owned by Defendant Prewett Enterprises, Inc., on Highway 190 westbound behind the Plaintiff just past Wye Road, when he struck the rear of the vehicle operated by Plaintiff. Defendant Bridges struck Plaintiff's vehicle with such force and impact that it sent Plaintiff's vehicle off the roadway and down an embankment. Plaintiff Templet was subsequently trapped in his vehicle until Pointe Coupee Fire Department personnel were able to extract him from his truck. He was then transported to the Hospital by Acadian Ambulance. As a result of the collision, Plaintiff Templet suffered injuries and damages. Plaintiff, Pamela Templet, suffered and continues to suffer loss of consortium.

Upon information and belief, Defendant Bridges was an employee of Prewett Enterprises, Inc., and he was acting in the course and scope of his employment at the time of the subject motor vehicle accident. At all pertinent times, there was in full force and effect a policy of liability insurance issued by Defendant, AIG Assurance Company, to Defendant, Prewett Enterprises, Inc. Further, at all pertinent times, there was in full force and effect a policy of underinsured/uninsured motorist insurance issued by Defendant, GEICO, insuring the Templet vehicle.

1

2. **Defendants claim – Prewett/AIG:** This case stems from an April 12, 2019, motor vehicle accident in which Plaintiff, James Templet, allegedly sustained bodily injury when his 2014 GMC Savana truck was struck by a 2015 GMC Sierra operated by Prewett Enterprises employee, Gilbert Bridges. As indicated below, the nature/extent of liability, causation and damages are in dispute.

3. **Defendant claims – GEICO:** Government Employees Insurance Company ("GEICO") admits to the occurrence of the accident that is the subject of this litigation, but denies liability and further denies causation and extent of damages claimed by the Plaintiffs relative to their bodily/personal injury claims.

Further, to the extent James Templet was in the course and scope of his employment at the time of the subject accident, he is not entitled to recover any benefits paid by his workers' compensation carrier (either medical expenses or lost wages paid), nor is he entitled to recover the difference between the billed charges and that paid by the workers compensation carrier, as those are not considered collateral sources. Similarly, if any medical benefits were paid by Medicaid, James Templet is not entitled to recover those expenses. GEICO is further entitled to a credit for any discounts provided by medical providers because of the Plaintiffs' retention of counsel.

## C. PENDING MOTIONS

- **By Plaintiffs:** At this time, there are no pending motions in this matter.
- **By Defendants – Prewett/AIG:** None
- **By Defendant – GEICO:** None to GEICO's knowledge.

## D. ISSUES

- **Plaintiffs:** The principal issues in dispute are coverage, liability, and damages. None of the issues herein have been resolved.
- **Defendants – Prewett/AIG:** Investigation and discovery are in their preliminary stages and the nature/extent of liability, causation and damages remain in dispute.
- **Defendant – GEICO:** All legal issues regarding liability, causation and extent of the Plaintiff's injuries and/or damages are in dispute.

## E. DAMAGES

- **Plaintiffs:** Plaintiff, James Templet is claiming general and special damages related to his injuries and medical treatment. A calculation of plaintiff's damages is premature as

Plaintiff is still undergoing treatment. Plaintiff, Pamela Templet, is claiming damages related to her loss of consortium claim.

- **Defendants – Prewett/AIG:** N/A as to Defendants
- **Defendant – GEICO:** GEICO has not had an opportunity to fully investigate the Plaintiffs' claimed damages, calculate medical offsets or comparative fault offsets and/or reductions, However, GEICO is entitled to an offset/credit for the full limits of all available underlying liability coverage as well as for any payments it has made to, or on behalf of, the Plaintiffs, as well as any amounts paid by any workers' compensation carrier or Medicaid and any attorney discounts from medical providers.

## F. SERVICE

- **Plaintiffs:** Service was successfully perfected on Defendants, Prewett Enterprises, Inc., AIG Assurance Company and GEICO. All of the above parties have filed responsive pleadings. Service has not been made on Defendant, Gilbert Bridges. It is Plaintiffs understanding that Mr. Bridges subsequently passed away due to an unrelated incident.
- **Defendants – Prewett/AIG:** N/A as to Defendants
- **Defendant – GEICO:** GEICO is not aware of any unresolved issues of waiver of service of process, jurisdiction, etc.

## G. DISCOVERY

1. **Initial Disclosures**

    A. Have the initial disclosures required under FRCP 26(a)(1) been completed?
    - **By Plaintiffs:** Plaintiffs have served their initial disclosures on Defendants.
    - **By Defendants – Prewett/AIG:** Defendants have served their initial disclosures.
    - **By Defendant – GEICO:** GEICO has served its initial disclosures.

    B. Do any parties object to initial disclosures?
    - **Plaintiffs:** Plaintiffs do not object to initial disclosures.
    - **Defendants – Prewett/AIG:** Defendant does not object to initial disclosures.
    - **Defendant – GEICO:** Defendant does not object to initial disclosures.

2. **Status of Discovery**

    - **By Plaintiffs:** Plaintiffs have propounded their first set of written discovery to Defendants, Prewitt and AIG.

- **By Defendants – Prewett/AIG:** Defendants have propounded their first set of written discovery to Plaintiffs.
- **By Defendant – GEICO:** No discovery has been completed to GEICO's knowledge. Fact and medical discovery (records and depositions) will be necessary, as well possible expert discovery.

3. **Protective Orders/Limitations on Discovery**
    - **Plaintiffs:** Not applicable at this time.
    - **Defendants – Prewett/AIG:** Defendants do not anticipate the need for protective order or other limitations on discovery at this time.
    - **Defendant – GEICO:** None anticipated; however, GEICO reserves its rights to seek appropriate protective orders it deems necessary.

4. **Expert Discovery**
    - **By Plaintiffs:** Plaintiffs have not yet made a determination as to which experts they will call at a trial of this matter. Plaintiffs reserve the right to call Plaintiff's medical providers who have treated him for accident related injuries. Plaintiff, James Templet, has been unable to work since the subject collision. As such, Plaintiffs will retain a vocational rehabilitation expert and economist to quantify a future lost wage/earning capacity claim and future medical expenses. Plaintiff will identify those experts and provide CV's as soon as the experts are retained. Plaintiffs reserve the right to supplement as discovery progresses.
    - **By Defendants – Prewett/AIG:** Defendants may retain experts to address the following: Medical causation; medical necessity of treatment; nature/extent of reasonable medical expenses; human factors and/or accident reconstruction; biomechanical engineering; vocational rehabilitation; life care planning; nature/extent of past and future wage loss and cost of future medical treatment.
    - **By Defendant – GEICO:** If necessary, and to the extent they would be considered "expert" witnesses by the Court, Plaintiffs medical providers. GEICO reserves the right to retain any and all experts, including independent medical experts, life care planners, economists, accident reconstructionists or the like.

**H. PROPOSED SCHEDULING ORDER**

    1. N/A

    2. Join parties or amend pleadings – 3/15/20

    3. All discovery and discovery motions (except expert) – 7/31/20

    4. Identify experts and produce resumes

        a. Plaintiffs – 6/19/20

        b. Defendants – 7/31/20

    5. Exchange export reports

        a. Plaintiffs – 7/17/20

        b. Defendants – 8/31/20

    6. Completion of expert discovery – 11/16/20

    7. Filing dispositive motions / Daubert motions – 11/30/20

**I. TRIAL**

YES. A demand for trial by jury has been made. Trial is estimated to take 3-4 days.

**J. OTHER MATTERS**

**By Plaintiffs:**

Plaintiffs do not have specific problems to address at the scheduling conference at this time.

**By Defendants – Prewett/AIG:**

Defendants, Prewett and AIG do not have specific problems to address at the scheduling conference.

**By Defendant – GEICO:**

Are there any specific problems the parties wish to address at the scheduling conference?

[] YES     [X] NO

**SUBMITTED JOINT PROPOSED DEADLINES.**

[X] YES   [] NO

**K. SETTLEMENT**

**By Plaintiffs:** To date, no settlement negotiations have been conducted between the parties. Plaintiffs would be open to a settlement conference when there is a better understanding of Mr. Templet's future treatment and prognosis.

**By Defendants – Prewett/AIG:**

    1. The parties are engaged in preliminary discovery and have not yet explored settlement.

    2. After sufficient discovery has been conducted, Defendants, Prewitt and AIG, would be interested in    participating in a settlement conference.

**By Defendant – GEICO:**

    1.    Please set forth what efforts, if any, the parties have made to settle this case to date.

        None since the lawsuit was filed.

    2.    Do the parties wish to have a settlement conference:
    3.

        [ X ]  YES  [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?  After determination of the law applicable to this case and completion of depositions of the Plaintiff and his medical providers.

## L. CONSENT TO JURISDICTION BY MAGISTRATE JUDGE

    The parties do not consent to jurisdiction by magistrate judge.

**<u>SIGNATURES ON PAGES TO FOLLOW</u>**

6

Respectfully Submitted:

**ROZAS LAW FIRM, LLC**


By: */x/ Paul J. Tanner*
      Greg A. Rozas, Bar Roll No. 25228
      Paul J. Tanner, Bar Roll No. 34175
      Chris J. Roy III, Bar Roll No. 38884
      9332 Bluebonnet Blvd.
      Baton Rouge, Louisiana 70810
      Telephone: (225) 343-0010
      Facsimile:  (225) 343-5018
      Email: greg@rozaslaw.com
                paul@rozaslaw.com
                chris@rozaslaw.com
      **Counsel for Plaintiffs, James Templet and Pamela Templet**



**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**


By: */x/ Olivia C. Mallary*
      Rachel A. Smith, Bar Roll No. 26783
      Olivia C. Mallary, Bar Roll No. 38560
      Three Lakeway Center, Suite 2900
      3838 North Causeway Blvd.
      Metairie, Louisiana 70002
      Telephone: (504) 832-3700
      Facsimile:  (504) 837-3119
      Email: rsmith@duplass.com
                omallary@duplass.com
                chris@rozaslaw.com
      **Counsel for Defendants, Prewett Enterprises, Inc. and American International Group, Inc.**

**SCHUTTE, TERHOEVE, RICHARDSON, EVERSBERG, CRONIN, JUDICE & BOUDREAUX**

By: <u>*/x/ Stephen D. Cronin*</u>
   Stephen D. Cronin, Bar Roll No. 26783
   501 Louisiana Ave.
   Baton Rouge, Louisiana 70802-5921
   Telephone: (225) 387-6966
   Facsimile:  (225) 387-8338
   Email: dcronin@501la.com
   **Counsel for Defendant, Government Employee Insurance Company (GEICO)**